UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-11005 |
| | : | CHAPTER 13 |
| RICHARD L. MCFADDEN, DEBTOR | : | |
| | : | |
| RICHARD L. MCFADDEN, Movant | : | DOCUMENT NO. 83 |
| vs. | : | |
| NATIONAL CITY BANK OF | : | |
| PENNSYLVANIA, RONDA J. | : | |
| WINNECOUR, ESQ., TRUSTEE, and | : | |
| TAMMY JO RODGERS, Respondents | : | |

MEMORANDUM

Richard L. McFadden ("McFadden" or "Debtor") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on April 17, 2004.

The Debtor was a shareholder and officer in Dolly Apples, Inc., a corporation under which a restaurant was operated. The principal shareholders of Dolly Apples, Inc. were Tammy Jo Rodgers ("Rodgers") and the Debtor. Rodgers and the Debtor acquired real property at 2108 Clark Road, Erie, Pennsylvania (the "Restaurant Property") on May 8, 2000, which was the restaurant site.

On May 8, 2000, Debtor entered into a mortgage with NCB in the face amount of $174,000 secured by the Restaurant Property. As additional security, Debtor and Rodgers both executed mortgages in favor of NCB on their residential properties. The NCB mortgage on each residential property was a second mortgage behind a first mortgage held by PNC Bank on each of the properties.

1

Dolly Apples, Inc. became insolvent and ceased to do business. The Restaurant Property was sold and NCB's mortgage against it was satisfied. NCB continued to hold its mortgages against both residential properties for its balance of approximately $43,000.

On September 2, 2004, Debtor filed a Motion to Determine the Secured Status of NCB. Debtor sought a determination that NCB's secured status was limited to $11,804 at 8% interest. A Default Order granting Debtor's Motion to Determine Secured Status was entered on September 27, 2004.

On June 30, 2005, Debtor filed a Motion to Sell his residential property at 1451 East 33rd Street, Erie, Pennsylvania. The Sale Motion listed PNC as the only mortgage holder on the property. NCB objected to the sale as Debtor failed to provide for payment of the secured portion of its second mortgage balance as modified by the Motion to Determine Secured Status. By Order dated July 26, 2005, the sale was confirmed. The Order provides for the full payment of PNC Bank's first mortgage claim and provides as follows in regard to NCB:

> National City Bank will be paid the balance of available funds and it will enter satisfaction of its mortgage. Under Debtor's Plan, National City Bank will be paid as an unsecured creditor for the deficiency of its secured claim plus that portion of its original claim rendered unsecured by prior order.

Following the sale, Debtor filed an Amended Chapter 13 Plan dated August 9, 2005 (the "Plan"). The Plan provides specific treatment for NCB's claim:

2

### 3. SECURED CLAIMS FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment or Pro Rata | Disbursement Level |
|---|---|---|---|---|---|
| National City Bank | Debtor Residence | $11,104 | 8% | $227.03 to 8/9/05 | |
| | | $6,000 paid on sale of residence; Deficiency secured claim on sale of house is $11,104 @ 8%/annum minus plan payments to 8/9/[0]5 minus $6,000 | | | |

By consequence of orders on motion to determine secured status, the motion granting leave for sale and $6,000 payment to creditor on sale of house, National City Bank is an unsecured creditor in the amount of $31,929.27 + Deficiency, which is the total unsecured claim paid under paragraph 13.

Payment in accordance with the foregoing terms shall constitute full and final satisfaction of the secured claim of this creditor. Upon payment in accordance with these terms, the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released.

Paragraph 13 of the Plan provides for the payment of a 100% dividend to general unsecured creditors, which includes the claim of NCB.

An Order was entered on September 27, 2005, which confirmed the Debtor's Plan.

Debtor has diligently made his monthly Plan payments to the Chapter 13 Trustee.

The Chapter 13 Trustee presently holds $32,178.47 for distribution to unsecured

3

creditors. It appears that the sole unsecured creditor is NCB and that Debtor will soon have made Plan payments in an amount sufficient to meet the goal of the Plan to pay a 100% dividend to general unsecured creditors.

Presently before the Court is the Debtor's MOTION TO COMPEL MARSHALLING OF ASSETS, TO CLOSE CHAPTER 13 PLAN AND CASE AS PAID IN FULL, AND TO REFUND ANY EXCESS TO DEBTOR ("Motion"). Debtor seeks an Order which compels NCB to proceed to collect on its second mortgage against Rodgers' property to satisfy the balance of its claim, directs the Chapter 13 Trustee to refund monies on hand to the Debtor; and grants the Debtor a discharge from any further obligation to NCB. NCB, Rodgers and the Trustee oppose Debtor's Motion.

## Discussion

Debtor's Plan was confirmed by Order dated September 27, 2005. The Plan provides significant detail as to the treatment of NCB's claim. Section 1327(a) of the Bankruptcy Code espouses the policy of finality with regard to an Order of Confirmation. It provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor . . . ." 11 U.S.C. § 1327(a).

"In this circuit absent fraud (and assuming due process is met), the provisions of a confirmed Chapter 13 plan bind the debtor and the creditors whose claims are provided for in the plan." In re Miller, 2007 WL 81052, Bankruptcy No. 99-25616 JAD (Bankr. W.D. PA 2007) citing In re Szostek, 886 F.2d 1405 (3d Cir. 1989); 11 U.S.C. § 1327(a).

"In re Szostek . . . makes it clear that the language of a Chapter 13 Plan, once confirmed, is to control the debtor/creditor relationship thereafter even if the terms of the Plan violate the Code." In re Dickey, 293 B.R. 360, 363 (Bankr. M.D. PA 2003).

> "[O]rders of confirmation, like myriad orders entered by this Court, are considered final judgments, thus triggering the doctrines of res judicata and/or collateral estoppel in many respects. *See, e.g., In re Varat Enters.,* 81 F.3d at 1315; *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir. 1993); *Combs*, 838 F.2d at 114; *Heritage Hotel Ltd. P'ship I v. Valley Bank of Nevada (In re Heritage Hotel Ltd. P'ship I)*, 160 B.R. 374, 377 (9th Cir. BAP 1993); *Florida v. Randolph (In re Randolph)*, 273 B.R. 914, 918 (Bankr. M.D. Fla. 2002). This policy of finality, then, extends the binding effect of a confirmed plan to any issue litigated among the parties and to any issue that was necessarily determined by the Court in deciding to confirm the plan. *In re Szostek*, 886 F.2d 1405, 1409 (3d Cir. 1989).

In re Stemple, _____ B.R. _____, 2007 WL 495029 (Bankr. E.D. VA 2007).

The issue of NCB's claim was before the Court prior to confirmation, both in the Motion to Determine Secured Status and in the Sale Motion. Debtor had every opportunity to raise the marshalling issue prior to the filing of the Plan or during the confirmation process. "A confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation." In re Szostek, 886 F.2d at 1408.

We find that the issues concerning NCB's claim were necessarily determined by the Court in deciding to confirm the Plan and that the Debtor is bound by the provisions set forth in the Plan.

Debtor's Motion must be refused. An appropriate Order will be entered.

Dated: June __1__, 2007

Warren W. Bentz
United States Bankruptcy Judge

c:  Guy C. Fustine, Esq.
    Gary J. Gaertner, Esq.
    Robert McBride, Esq.
    Ronda J. Winnecour, Esq.

**FILED**

JUN 1 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 04-11005 |
| | : | CHAPTER 13 |
| RICHARD L. MCFADDEN, DEBTOR | : | |
| | : | |
| RICHARD L. MCFADDEN, Movant | : | DOCUMENT NO. 83 |
| vs. | : | |
| NATIONAL CITY BANK OF | : | |
| PENNSYLVANIA, RONDA J. | : | |
| WINNECOUR, ESQ., TRUSTEE, and | : | |
| TAMMY JO RODGERS, Respondents | : | |

## ORDER

This **1st** day of June, 2007, in accordance with the accompanying Memorandum, it shall be, and hereby is ORDERED that the Debtor's MOTION TO COMPEL MARSHALLING OF ASSETS, TO CLOSE CHAPTER 13 PLAN AND CASE AS PAID IN FULL, AND TO REFUND ANY EXCESS TO DEBTOR is REFUSED.

_____
Warren W. Bentz
United States Bankruptcy Judge

c:  Guy C. Fustine, Esq.
    Gary J. Gaertner, Esq.
    Robert McBride, Esq.
    Ronda J. Winnecour, Esq.



FILED
JUN 1 2007
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE